[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-15495
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2006
THOMAS K. KAHN
CLERK

BIA No. A77-890-824

JEAN CERISE FAUSTIN,

                                    Petitioner,

                 versus

U.S. ATTORNEY GENERAL,

                                    Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(July 10, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH,  Circuit Judges.

PER CURIAM:

    Jean Cerise Faustin, a native and citizen of Haiti, petitions for review of the

affirmance by the Board of Immigration Appeals ("BIA") of the decision of the

Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we deny the petition.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). An IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group. 8 U.S.C. §§

2

1101(a)(42)(A); 1158(a)(1), (b)(1). We have explained that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation omitted). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

An alien who seeks withholding of removal must demonstrate that his life or freedom would be threatened in the country of removal because of a protected ground. Mendoza, 327 F.3d at 1287. The alien must show that he "more-likely-than-not would be persecuted or tortured upon his return" to his country. Id. If an alien is unable to demonstrate that he is eligible for asylum, he necessarily has failed to meet the higher burden of proof required for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

Faustin claimed that, in February 1999, he joined a group called Mobilization for National Development ("MDN"), which advocated improvements for Haiti's schools and hospitals and supported projects to expand the availability of electricity in that country. Faustin testified that the political Lavalas Party opposed the MDN, and during a MDN meeting in May 1999, members of the

3

Lavalas Party and the police beat and arrested the MDN members at the meeting because they had not received permission from the Lavalas Party to hold the meeting. Faustin asserted that he was hit with sticks and the butt of a gun, but he acknowledged that, aside from experiencing some pain, he was not injured. He remained in jail for one day and was released. Shortly before Faustin was released, a police official warned him that, if Faustin returned to his house, he would be killed. Faustin went into hiding for approximately 30 days and then left Haiti for the United States.

Faustin argues that the IJ erred in concluding that he did not suffer past persecution in Haiti based on his involvement with the MDN. Substantial evidence supports the determination that Faustin failed to meet his burden that he had been persecuted on account of any protected ground. Faustin's claims that he was beaten -- but not injured -- by persons opposing the MDN, that he was jailed for one day, and that he received an isolated threat before his release from jail do not rise to the level of past persecution that compels reversal of the IJ's determination.

Substantial evidence also supports the conclusion that Faustin failed to show a well-founded fear of future persecution. As we have discussed, the past acts of the Lavalas Party and the police against Faustin did not constitute

persecution. In addition, Faustin has been away from Haiti for seven years; and he has not shown that, upon his return, he would be "singled out" for persecution on account of a protected ground. See Sepulveda, 401 F.3d at 1231-32. Therefore, the evidence does not compel the conclusion that Faustin is eligible for asylum. Because he has failed to demonstrate that he is eligible for asylum, Faustin also has failed to meet the higher burden of proof required for withholding of removal. See Al Najjar, 257 F.3d at 1292-93.

Faustin also claims that the IJ erred in not finding him eligible for CAT relief because he was tortured as a result of his participation in the May 1999 MDN meeting. We have explained that, to be eligible for CAT protection, "an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture." Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004). Faustin has failed to present evidence that meets this burden.

Based on the foregoing, we deny the petition for asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**

5